Simon Sleph et al., trading as Sleph, Sandrowitz & Goldblatt, Plaintiffs in Error, v. F. Grossman et al., trading as Grossman Brothers, Defendants in Error.

Gen. No. 20,114.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed March 12, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Attachment suit instituted in the Municipal Court of Chicago by Simon Sleph, Jacob Sandrowitz and Abe Goldblatt, copartners trading as Sleph, Sandrowitz & Goldblatt, against F. Grossman, Joe Grossman and B. Weinberg, trading as Grossman Brothers. The affidavit for attachment upon which the writ was issued was filed on the 27th day of May, 1913, the ground for attachment being nonresidence of the defendants. On the same day plaintiffs caused to be served as garnishees the Goodrich Transportation Company, which filed its answer on June 7th, stating that it had certain property in its possession belonging to the defendants. Thereafter steps were taken to obtain service on the defendants by publication. On June 17th defendants entered a special appearance by their attorneys, solely for the purpose of moving to quash the writ of attachment, which motion, however, was overruled; and on the same day leave was granted plaintiffs to file an amended affidavit of attachment instanter, which was done and an order entered upon the defendants to file an affidavit of merits within ten days. This amended affidavit of attachment stated that the defendants were indebted to the plaintiffs in the sum of $545.18, being an overpayment on a draft drawn by defendants upon the plaintiffs; and attached to said affidavit, and made a part thereof, was a detailed statement showing how this amount was arrived at.

On July 29th defendants filed an affidavit of merits and claim of set-off. This affidavit was sworn to by Frank Grossman, a member of the defendant firm. Therein he denied that the defendants were in any wise indebted to the plaintiffs, and furthermore set forth affirmatively that the plaintiffs had promised to pay the defendants the sum of $1,857.82, and that after allowing plaintiffs credit for the payment made there was a balance still due of $160.79. By leave of

court, this affidavit was withdrawn and an amended affidavit of merits and claim of set-off was filed, which simply went into greater detail regarding the transactions between the parties.

To this amended affidavit of counterclaim and set-off plaintiffs were ordered to file an affidavit of merits, which they did on August 22, 1913. On the trial of the case before the court without a jury, on September 24th, evidence was introduced by the plaintiffs tending to support their statement of claim. At the conclusion of plaintiffs' case, among the motions made by the defendants was one to quash the attachment on the ground that the plaintiffs' testimony showed that their claim rested in unliquidated damages and consequently could not be made the basis of original attachment proceedings; which motion was overruled by the court. Defendants then proceeded to put in evidence in denial of plaintiffs' claim and in support of their affidavit of merits and claim of set-off.

On November 22nd the court, after having had the case under advisement since September 30th, dismissed the suit for want of jurisdiction of the subject-matter at plaintiffs' costs, ordered the garnishee discharged, and entered judgment against the plaintiffs for costs, from which judgment plaintiffs have sued out this writ of error.

SALTIEL & ROSSEN, for plaintiffs in error.

CASSODAY, BUTLER, LAMB & FOSTER, for defendants in error; ERNEST O. BEST, of counsel.

MR. JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 8*—*when action commenced by attachment not for unliquidated damages.* An action to recover

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,

an alleged overpayment on a purchase by plaintiff commenced by attachment is improperly dismissed by the Municipal Court as being an action to recover unliquidated damages, where the matter in dispute was not the value of material purchased by plaintiff from defendant but whether it was of the character described in the contract between the parties, the basis for determining the value being undisputed.

2. MUNICIPAL COURT OF CHICAGO, § 8*—*when action commenced by attachment not for unliquidated damages.* An action to recover an alleged overpayment on a purchase by plaintiff, commenced by attachment in the Municipal Court, is improperly dismissed as being an action to recover unliquidated damages, where the question in dispute was the amount of material shipped to plaintiff by defendant and not its value.

3. APPEARANCE, § 8*—*what constitutes general.* The filing of an affidavit of merits and claim of set-off constitutes a general appearance, conferring jurisdiction over the parties.

4. APPEAL AND ERROR, § 551*—*when exceptions unnecessary.* An adverse ruling under Practice Act, sec. 81 (J. & A. ¶ 8618) may be reviewed on appeal or error without a formal exception.

5. TRIAL, § 290*—*when propositions of law unnecessary.* The purpose subserved by propositions of law is to determine whether the trial judge entertains correct views of the principles of law involved in the proceeding, and, hence, they are unnecessary where the ruling of the court itself showed the principles of law which the court applied to the facts.